UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AUTOMOTIVE LIFT INSTITUTE, INC.,

                Plaintiff,

v.                                                                                              5:08-CV-1313
                                                                                    (GTS/GHL)
BACKYARD BUDDY, INC.,

                Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

THE LAW OFFICE OF SHARON M. SULIMOWICZ      SHARON M. SULIMOWICZ, ESQ.
   Counsel for Plaintiff
111 North Tioga Street, Suite 200
Ithaca, NY 14850

ZIMMER LAW OFFICE PLLC                       KIMBERLY M. ZIMMER, ESQ.
   Counsel for Defendant
333 East Onondaga Street
Monroe Building, Suite 301
Syracuse, NY 13202

RICHARD L. GOODMAN CO., LPA                 RICHARD L. GOODMAN, ESQ.
   Counsel for Defendant
720 Youngstown-Warren Road, Suite E
Niles, OH 44446

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this trademark infringement action filed by Automotive Lift Institute Inc. ("Plaintiff") against Backyard Buddy, Inc. ("Defendant"), is Plaintiff's request for $7,560 in attorney's fees. For the reasons stated below, the Court awards Plaintiff $7,548 in attorney's fees.

On May 20, 2010, the Court issued a Decision and Order granting Plaintiff's motion for contempt and awarding Plaintiff attorney's fees pending the Court's approval of those fees. (Dkt. No. 32.) On June 8, 2010, Plaintiff's counsel submitted an affidavit in support of her request for attorney's fees. (Dkt. No. 33.) Attached to her affidavit are contemporaneous records, which indicate that Plaintiff's counsel spent a total of 37.5 total hours preparing the motion for contempt, and attending the contempt hearing, and that her paralegal spent a total of 0.6 hours assisting her in this process. (*Id*.) The contemporaneous records, as well as Plaintiff's counsel's affidavit, further reflect that she billed her client $200 per hour for her work, and $100 per hour for her paralegal's work. (*Id*.) Accordingly, Plaintiff requests $7,560 in attorney's fees for 38.1 hours of work. (*Id.*)[1]

After carefully considering the relevant issues, the Court finds that the proposed 38.1 hours expended are reasonable. *See Weitzman v. Stein*, 891 F. Supp. 927, 933 (S.D.N.Y. 1995) (finding that spending "48.25 hours researching facts, preparing an order to show cause calling for the contempt hearing, researching the law, preparing witnesses for the contempt hearing, preparing documents for the contempt hearing, and attending the contempt hearing" was reasonable), *aff'd in relevant part*, 98 F.3d 717 (2d Cir. 1996). Further, the Court finds that $200 per hour is a reasonable rate for experienced attorney's work within this district, and $80 per hour is a reasonable rate for paralegal work within this district. *See Paramount Pictures v. Hopkins*, 07-CV-0593, 2008 WL 314541, at *5 (N.D.N.Y. Feb. 4, 2008) (Scullin, J.) (finding the reasonable hourly rate for experienced attorney in the Northern District of New York to be $210 and the reasonable hourly rate for paralegals in the Northern District to be $80); *accord, Tottey*

---

[1] The Court notes that Defendant has not challenged Plaintiff's requested fees.

*v. Life Ins. Co. of N. Am.*, 05-CV-0877, 2009 WL 3764222, at *2 (N.D.N.Y. Nov. 10, 2009) (Scullin, J.) (adopting fee determination set forth in *Paramount Pictures* for experienced attorneys); *Bergerson v. N.Y.S. Office of Mental Health Cent. N.Y. Psychiatric Cent.*, 06-CV-1476, 2010 WL 610694, at *3 (N.D.N.Y. Feb. 16, 2010) (Hurd, J.) (awarding trial counsel attorney's fees at an hourly rate of $210 for attorney work and $80 for paralegal work).

Based on these hourly rates, the Court concludes that Plaintiff is entitled to $7,548 in attorney's fees.[2]

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff is entitled to recover $7,548 in attorney's fees from Defendant. The clerk is directed to enter judgment for attorneys' fees in the amount of $7,548.

Dated: June 24, 2010
 Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[2] The Court calculates this amount in the following way: 37.5 hours times 200 dollars per hour equals 7,500 dollars; 0.6 hours times 80 dollars per hour equals 48 dollars; and 7,500 dollars plus 48 dollars equals 7,548 dollars.